Bogom-Shanon v Altman (2025 NY Slip Op 25279)

[*1]

Bogom-Shanon v Altman

2025 NY Slip Op 25279

Decided on December 23, 2025

Civil Court Of The City Of New York, New York County

Zellan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 23, 2025
Civil Court of the City of New York, New York County

Eli Bogom-Shanon, Claimant(s)

againstJoseph A Altman, Defendant(s)

Index No. SC-001733-23/NY

Eli Bogom-Shanon, self-represented claimant
Joseph A. Altman, P.C. (Joseph A. Altman, of counsel), of Fleetwood, NY, for defendant

Jeffrey S. Zellan, J.

On November 21, 2024, both sides appeared self-represented on defendant's motion to dismiss as well as for trial. The Court decided to hold in abeyance the Court's decision on defendant's motion to dismiss and proceed to trial on the record (via FTR, Rm 353, 10:48:13AM-11:29:00AM). The Court subsequently issued a decision and order denying defendant's motion. Bogom-Shanon v. Altman, 85 Misc 3d 1100 (Civ. Ct., New York Co. 2024). The Court having denied defendant's motion to dismiss, the Court turns to the merits of the underlying action. After trial, the Court finds in favor of claimant and against defendant in the amount of $2,400.00. 
The facts of this action are largely undisputed. Claimant was a tenant of defendant pursuant to a month-to-month tenancy of an apartment owned by defendant. The parties do not dispute that claimant moved and surrendered possession of the premises on June 28, 2021. The parties also do not dispute that claimant provided to defendant, and defendant held, a security deposit in the amount of $1,600.00, which constituted half of a total $3,200.00 security deposit paid to defendant by claimant (the other half having been paid to defendant by claimant's then roommate who is not a party to this action). It is also not disputed that defendant withheld the entirety of claimant's security deposit, and also did not send to claimant a written itemized statement justifying the withholding of said security deposit, although defendant claims to have made oral representations to claimant in this regard.
At the outset, at trial, defendant argued that the month-to-month tenancy at issue in this proceeding was not subject to the Housing Stability and Tenant Protection Act (HSTPA), codified in relevant part as General Obligations Law § 7-108, because the lease between the parties undisputedly commenced prior to the effective date of the HSTPA in July 2019. However, it is also undisputed that the lease between the parties expired on September 30, 2020 (after the HSTPA effective date), after which the nature of the landlord-tenant relationship changed to that of a month-to-month tenancy. As such, the parties essentially entered into new, monthly leaseholds each month, all of which commenced and ended after the HSTPA was already in effect, including the landlord's obligations regarding the return or withholding of security deposits. As commentators have noted, "[t]hese provisions apply to any lease or rental [*2]agreement, or any renewal of a lease or rental agreement, entered into on or after HSTPA's effective date of July 14, 2019." Gerald Lebovits, et al., Small Claims Manual, 147 (7th ed. 2025) (citation omitted). Here, the parties' month-to-month relationship began over a year after HSTPA took effect, and continued for nearly a year further.
Accordingly, the Court finds that the month-to-month tenancy at issue in this proceeding was subject to the HSTPA, including the provisions regarding security deposits. As a result, to the extent that defendant sought to withhold some or all of the security deposit, defendant was required to "provide the tenant with an itemized statement" indicating the basis for the amount of the deposit retained, within fourteen days after the tenant has vacated the premises. The statute also provides that "[i]f a landlord fails to provide the tenant with the statement and deposit within fourteen days, the landlord shall forfeit any right to retain any portion of the deposit." 
Defendant also argued at trial that he complied with the security deposit provisions of the HSTPA by virtue of an alleged telephone conversation in which defendant, within fourteen days of claimant's vacatur, allegedly explained (orally) the reasons defendant was withholding the security deposit from claimant. Although defendant did not articulate in detail the specific content of this conversation, claimant did not deny at trial that there was at least some conversation and that it may have related to reasons defendant believed he was entitled to withhold the security deposit. 
Assuming arguendo that defendant explained orally to defendant the reasons for withholding the security deposit, the Court finds that, as a matter of law, an alleged oral explanation is insufficient to comply with the HSTPA's notice requirements. See, Albert v. Bryant, 74 Misc 3d 727, 731 (Mt. Vernon City. Ct. 2022) (holding that under GOL § 7-108 (1-a)(e), "the landlord was required to provide an itemized written statement specifying repairs or cleaning which would form the basis for withholding any portion of the security deposit.") (emphasis added); and Asquith v. Redevelop Albany, LLC, 65 Misc 3d 892, 894, 895 (Albany City Ct. 2019) ("the Court finds that defendant did not comply with the legal requirement that a landlord provide to a tenant who vacates an apartment a written statement itemizing the reasons for retaining all or a portion of the tenant's security deposit."). Although the Courts in Albert and Asquith were not presented with the specific issue of whether an oral statement indicating the basis for the amounts retained would be sufficient to comply with the HSTPA, both Courts expressly interpreted the statute to require such a statement to be written. This Court concurs with its sister courts in Albany and Mt. Vernon and finds that the statutory requirement that "the landlord provide the tenant with an itemized statement indicating the basis for the amount of the deposit retained," impliedly requires a written statement, whether by letter, email, text, or any other written means. Oral communication alone, assuming arguendo that it occurred in this instance, did not constitute compliance with the law. Accordingly, defendant forfeited any right to withhold any portion of the $1,600.00 deposit.
The Court having found that defendant forfeited his right to withhold any of the security deposit, the Court must now turn to the additional punitive damages claimed by Claimant. General Obligations Law § 7-108 (1-a)(g) provides that "[a]ny person who violates the provisions of this subdivision shall be liable for actual damages," and "a person found to have willfully violated the provisions of this subdivision shall be liable for punitive damages up to twice the amount of the deposit or advance."
The Court finds that defendant's violation was willful. Courts have found that unreasonable delay in compliance, especially after landlord's retention of counsel, can itself [*3]evidence willfulness warranting punitive damages. See, Moffatt v. Orsario, 2024 NY Misc. LEXIS 11758, *2-3 (Ithaca City Ct. 2024); see, e.g., Clarke v. Shefa RAV Realty LLC, 2023 NY Misc. LEXIS 24570, *3 (Civ. Ct., Bronx Co. 2023) (recommending additional damages and discussing legislative intent). Additionally, a unilateral mistake of law, particularly where defendant is an attorney admitted in this state, is not a defense to liability, and the Court is not convinced that defendant's assertion that the telephone conversation between defendant and claimant constituted compliance with the HSTPA reflects even a reasonable interpretation of the statute, let alone a meritorious one. In fact, defendant, as an attorney, could and should have conducted legal research to determine if any court in New York has ever found that an oral communication between the landlord and tenant would suffice as the required "itemized statement" under the HSTPA because, had he done so, counsel presumably would have found, as did the Court, that there is no legal support for this interpretation (perhaps because the HSTPA is almost universally understood to require a written statement). Accordingly, the Court finds that in the context of the HSTPA's security deposit provisions, defendant acted willfully, and the law compels the Court to hold the defendant liable for punitive damages.
That said, the Court also finds that a defendant/landlord who, within fourteen days, did contact the claimant/tenant and explain (albeit only orally by telephone) the reasons for withholding the security deposit, is perhaps not as morally culpable for purposes of punitive damages as the landlord who retains the security deposit and never bothers explaining why, one way or the other. Accordingly, although the statute permits a punitive damage award of up to twice the amount of the security deposit, in this instance, the Court will award punitive damages in the amount of half the amount of the security deposit, which is $800.00.
Accordingly, it is
ORDERED that the clerk enter judgment in favor of claimant and against defendant Joseph A. Altman in the amount of $2,400.00 together with the permissible costs and disbursements of this action to be calculated by the clerk, with interest from July 12, 2021.
This constitutes the Decision and Order of the Court.
Date: December 23, 2025
Hon. Jeffrey S. Zellan, J.C.C.